IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CONCORDIA PHARMACEUTICALS INC., S.À.R.L., CONCORDIA PHARMACEUTICALS (US) INC., and ADVANZ PHARMA CORP.,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>WINDER LABORATORIES, LLC, and STEVEN PRESSMAN,<br>　　　　　　Defendants.<br>-------------------------------------------------<br>WINDER LABORATORIES, LLC, and STEVEN PRESSMAN,<br>　　　　　　Counterclaim Plaintiffs,<br><br>v.<br><br>CONCORDIA PHARMACEUTICALS INC., S.À.R.L., CONCORDIA PHARMACEUTICALS (US) INC., and ADVANZ PHARMA CORP.,<br>　　　　　　Counterclaim Defendants. | Civil Action No. 2:16-cv-00004-RWS<br><br>**PRETRIAL CONFERENCE REQUESTED**<br><br>**JURY TRIAL DEMANDED** |

**PRETRIAL ORDER**

Pursuant to N.D. Rule 16.4, the parties file the following consolidated pretrial order:
1.

There are no motions or other matters pending for consideration by the court except as noted. In keeping with the Court's Standing Order, Motions *in limine* are to be filed at least 14 days before the date of the Pretrial Conference.

1

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the joinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections:

- 28 U.S.C. § 1331 (federal question): Count I – False Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)
- 28 U.S.C. § 1367 (supplemental jurisdiction):
    - Count II – Tortious Interference with Contractual Relationship
    - Count III – Tortious Interference with Business Relationship
    - Count IV – Violations of GUDTPA, O.C.G.A. 10-1-372(a)(8)
    - Count V – Common Law Unfair Competition

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

     A.     For Counterclaim Plaintiffs:

| | |
|---|---|
| James Cobb<br>Georgia Bar No. 420133<br>Caplan Cobb LLP<br>75 Fourteenth Street, NE Ste. 2750<br>Atlanta, GA  30309<br>404.596.5600<br>Jcobb@caplancobb.com | Roger A. Colaizzi, *pro hac vice*<br>Venable LLP<br>600 Massachusetts Ave. NW<br>Washington, DC 20001<br>202.344.4000<br>rcolaizzi@venable.com |

     B.     For Counterclaim Defendants:

| | |
|---|---|
| W. Brian Holladay<br>Martenson, Hasbrouk & Simon LLP<br>3379 Peachtree Rd., NE Suite 400<br>Atlanta, GA 303026<br>404.909.8100<br>bholladay@martensonlaw.com | S. Lloyd Smith, *pro hac vice*<br>Buchanan Ingersoll & Rooney PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314<br>703.836.6620<br>Lloyd.smith@bipc.com |

6.

Counterclaim Plaintiffs will be entitled to opening and closing arguments to the jury.

7.

The captioned case shall be tried to a jury.

8.

The trial need not be bifurcated.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Counterclaim Plaintiffs wish to be propounded to the jurors on *voir dire* examination.

Attached hereto as Attachment "B-2" are the general questions which Counterclaim Defendants wish to be propounded to the jurors on *voir dire* examination.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general *voir dire* questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Counterclaim Plaintiffs' *voir dire* questions:

**Not Applicable**

### COUNTERCLAIM PLAINTIFFS' OBJECTIONS TO COUNTERCLAIM DEFENDANTS' *VOIR DIRE* QUESTIONS

1. Objection to *Voir Dire* Question No. 7: Do you believe that drug manufacturers have an obligation to keep consumers safe?

State any objections to Counterclaim Defendants' *voir dire* question:

- Counterclaim Plaintiffs object to *Voir Dire* Question No 7 as prejudicial, given that it has the potential to lead a prospective juror to consider whether Counterclaim Defendants, as drug manufactures, have additional legal burdens to

customers in this case.  Further, the question is overly specific for its apparent purpose and is previously addressed by the more broadly worded *Voir Dire* Question 5: " Have you or anyone in your family ever had an adverse reaction to a prescription drug?"

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six members, unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. §1870.  *See* Fed. R. Civ. P. 47(b).

13.

There is no pending related litigation.

14.

Attached hereto as Attachment "C" is Counterclaim Plaintiff's outline of the case which includes a succinct factual summary of Counterclaim Plaintiffs' cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Counterclaim Plaintiffs shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, Counterclaim Plaintiffs shall separately provide the following information:  (a) a brief description of the item claimed, for example, pain and suffering: (b) the dollar amount claimed; and (c) a citation to the law, rule,

regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the Counterclaim Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**Counterclaim Plaintiffs' Legal Issues:**

A. Whether communications by Counterclaim Defendants and/or through their employees and agents, including without limitation their counsel contain false or misleading statements about Counterclaim Plaintiffs and/or Counterclaim Plaintiffs' products, or about Counterclaim Defendants and/or Counterclaim Defendants' products (Counts I-V);

B. If the answer to (A) is yes, did the false or misleading statements qualify as commercial speech (Counts I, IV, & V);

C. If the answers to (A) & (B) are yes, were such statements placed into interstate commerce (Counts I, IV, & V);

D. If the answers to (A)-(C) are yes, whether the false statements in the communications had or have a material effect on the purchasing decisions of the customers and/or potential customers of Counterclaim Plaintiffs (Counts I-V);

E. If both A & D are true, whether Counterclaim Defendants made the communications with the intent to injure Counterclaim Plaintiffs for the purposes of liability for tortious interference with contractual relationships (Count II-III);

F. Whether the communications resulted in the cancellation of contracts between Counterclaim Plaintiffs and third parties and/or interfered with Counterclaim Plaintiffs' business relationships (Count II-III); and

G. Whether Counterclaim Defendants' conduct proximately caused damage to Counterclaim Plaintiffs, and, if so, what amount of damages are appropriate to compensate Counterclaim Plaintiffs (Count I-V).

**Counterclaim Defendants' Legal Issues:**

A. Whether Winder is barred from injunctive relief and monetary damages because its claims are precluded and preempted by federal law.

B. Whether Winder is barred from injunctive relief and monetary damages by the free speech clause of the First Amendment to the United States Constitution.

C. Whether Winder's claims are barred by its own unclean hands.

D. Whether Winder is entitled to damages.

18.

Attached hereto as Attachment "F-1" for the Counterclaim Plaintiffs, Attachment "F-2" for the Counterclaim Defendants, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to his list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given 10 days prior to trial to allow the other party(s) to subpoena the witnesses or to obtain his testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the Counterclaim Plaintiffs, "G-2" for the Counterclaim Defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must by attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

1. <u>Counterclaim Plaintiffs' Designations</u>

*See* Appendix 1.

2. <u>Counterclaim Defendants' Designations</u>

*See* Appendix 2.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the Counterclaim Plaintiffs and "H-2" for the Counterclaim Defendants, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the Court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed, and which are not otherwise in compliance with LR 51.1, N.D.Ga. will not be considered. In addition, each party should attach to the requests to charge a short (not more than one page) statement of that party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Counterclaim Plaintiffs' proposed verdict form is attached hereto as "I-1." Counterclaim Defendants' proposed verdict form is attached as "I-2."

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

This is a complex case with numerous potential witnesses and dozens designated trial exhibits. The parties estimate that they will need at least 4 and possibly 7 days to examine and cross examine all witnesses. The parties jointly request that each party be allowed l day for opening statements and additional time for closing arguments.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, N.D.Ga., lead counsel and persons possessing settlement authority to bind the parties met to discuss in good faith the possibility of settlement of this case. The Court has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(\_\_\_\_\_X_____) Little possibility of settlement.

(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The Counterclaim Plaintiffs estimate that they will require 2-4 days to present their evidence. The Counterclaim Defendants estimate that they will require 2-4 days to present their evidence. It is estimated that the total trial time is 8 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

SO ORDERED: This the \_\_\_\_\_ day of _____, 2021.

_____
Judge Richard Story
United States District Court
Northern District of Georgia

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form Pretrial Order adopted by this Court.


_____/s/ Roger A. Colaizzi_____                    _____/s/ S. Lloyd Smith_____
Counsel for Counterclaim Plaintiff                                 Counsel for Counterclaim Defendant

Roger A. Colaizzi, *pro hac vice*                                     S. Lloyd Smith, *pro hac vice*
Venable LLP                                                                       Buchanan Ingersoll & Rooney PC
600 Massachusetts Ave. NW                                          1737 King Street, Suite 500
Washington, DC 20001                                                   Alexandria, VA 22314
202.344.4000                                                                     703.836.6620
rcolaizzi@venable.com                                                    Lloyd.smith@bipc.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ *James W. Cobb*
James W. Cobb
GA Bar No. 420133
CAPLAN COBB LLP
75 Fourteenth Street, N.E., Suite 2750
Atlanta, GA 30309
(404) 596-5600 – Office
(404) 596-5604 – Fax
jcobb@caplancobb.com

*Counsel for Counterclaim Plaintiffs Winder Laboratories, LLC and Steven Pressman*